Reversed, Appellate Division of
the District Court NMI
June 27, 1983

Decision on remand to
Commonwealth Trial Court,
August 2, 1985

Affirmed, Appellate Division of
District Court
November 14, 1986

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| FRANCISCA T. PALACIOS, ) | CIVIL ACTION NO. 79-204A |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM OPINION |
| COMMONWEALTH OF THE NORTHERN) | |
| MARIANA ISLANDS, et al., ) | |
| Defendants. ) | |

Motions for summary judgment have been filed and a full hearing was had on November 2, 1981. At the close of the hearing, the Court orally indicated its decision and that this written opinion would follow.

The basic facts of this case are not in dispute and there are no genuine issues of fact. The property in question are lots 007 B 03, 007 B 04, and 007 B 05 all as shown in Cadastral Plat 007 B 00.

In 1944 Juan R. Tudela was the owner of the property. During the summer of 1944, United States military forces invaded Saipan and defeated the Japanese forces who had controlled the island. After securing the island, the United States built a road across the subject property and installed various other improvements and assumed control and possession of the property, this control and possession then

having been transferred to the Government of the Trust Territory of the Pacific Islands thence to the Government of the Northern Mariana Islands in the form of the Marianas Public Land Corporation, the independent body established by Article XI of the Constitution of the Northern Mariana Islands to hold public lands.

From 1944 to this date the United States, Trust Territory Government, and the Marianas Public Land Corporation have maintained the road and water and power lines across the subject property.

This taking was without the permission or consent of Juan R. Tudela and no compensation was paid for the taking by any condemnation proceeding. Juan R. Tudela as well as his heirs have been excluded from use of the property taken in 1944 to the present date. Said property taken is known as Route No. 3 Highway as delineated on Cadastral Plat 007 B 00.

Juan R. Tudela died in 1972 leaving two heirs, Santiago C. Tudela and Francisca Tudela Palacios, brother and sister.

This action was filed on November 2, 1979 by Francisca Tudela Palacios against various governmental entities and against her brother who did not wish to enter the suit as a plaintiff.

Although the Marianas Public Land Corporation and the Commonwealth of the Northern Mariana Islands are both named as defendants, they can be and are treated, for the purposes of these motions, as the same since the Public Land Corporation holds technical title to public lands for the benefit of the Commonwealth.

The defendants concede that the 20 years statute of limitations (6 TTC 302 (1)(b))[1] for recovery of land applies rather than a shorter term.

Pursuant to statute (6 TTC 310)[2] the statute of limitations commenced to run on May 28, 1951. This was done because there were no adequate avenues available for administrative or legal relief until that time.

Osaki v Pekea, 5 TTR 255 (1970); Penno v Katarina, 3 3 TTR 416 (1968); Naoro v Inekis, 2 TTR 232 (1961); Santos v Trust Territory, 1 TTR 463 (1958).

In view of the facts above, it appears that the action for the recovery of land or money damages for inverse condemnation by the plaintiff would have had to be commenced no later than May 28, 1971.

---

[1] §302. Limitation of twenty years.
(1) The following actions shall be commenced only within twenty years after the cause of action accrues:
    (a) ......
    (b) Actions for the recovery of land or any interest therein.

Subparagraph (2) of §302 also states:

If the cause of action first accrued to an ancestor or predecessor of the person who presents the action, or to any other person under whom he claims, the twenty years shall be computed from the time when the cause of action first accrued.

[2] §310. Effect upon existing causes of action. For the purposes of computing the limitations of time provided in this Chapter, any cause of action existing on May 28, 1951, shall be considered to have accrued on that date.

To counter this hurdle, the plaintiff asserts four reasons why the plaintiff should not be barred by 6 TTC 311.[3]

First, it is asserted that there was a "lack of available legal assistance and a lack of any understanding of her rights." (Paragraph 10, First Amended Complaint). This argument was made in a strikingly similar case, Camacho v United States, 494 F 2d 1363 (Ct. Cl. 1974). There the court held that assuming such facts to be true, they do not toll the statute of limitations. See also Japanese War Notes Claimants Ass'n v United States, 373 F 2d 356 cert. den. 389 U.S. 971, 88 S. Ct. 466, 19 L. Ed. 2d 461 (1967); Andrade & Pitt River Tribe v United States, 485 F 2d 660, 664.

The principle learned from these cases is that the plaintiff must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or plaintiff must show that plaintiff's injury was inherently unknowable at the accrual date. This ground for tolling the statute of limitations is also known as fraudulent concealment and is expressed in statutory terms in 6 TTC 309.[4]

---

[3] §311. Limitation of time for commencing. A civil action or proceedings to enforce a cause of action mentioned in this Chapter may be commenced within the period of limitation herein prescribed, and not thereafter, except as otherwise provided in this Chapter.

[4] §309. Extension of time by fraudulent concealment. If any person who is liable to any action shall fraudulently conceal the cause of action from the knowledge of the person entitled to bring it, the action may be commenced at any time within this Chapter after the person who is entitled to bring the same shall discover or shall have had reasonable opportunity to discover that he has such cause of action, and not afterwards.

In 1972 the section was amended in a minor way and the above quoted section is the statute in effect on May 28, 1971.

Plaintiff expressly disclaims any fraudulent concealment and, of course, there are no allegations or facts pled which indicate it.

Second, plaintiff asserts a misrepresentation of law. Once again, taking the pleadings and affidavits filed by plaintiff at full face value, the court is advised that there were "misleading representations by the defendants through their agents and employees regarding (her) rights" (Paragraph 10 of Plaintiff's Amended Complaint) and that in the 1950's, Mr. Elias Sablan, a Trust Territory land office employee "informed (Juan Tudela through the plaintiff) that the property belonged to the Government and that no compensation had to be given for the taking of the property" (Affidavit of Plaintiff filed October 28, 1981).[5]

> "The well-recognized rule is that a representation as to a matter of law will not ordinarily support an action for fraud or deceit, nor constitute an estoppel to rely upon the statute of limitations, the reason for the rule being that representation as to matters of law are ordinarily considered as expressions of opinion, and justifiable reliance cannot be had upon the mere opinion of another." 51 Am Jur 2d Limitation of Actions, §451 at page 913.

The general rule is not recognized when the person making the representation is especially skilled in the law and the party to whom the representations are made is not as skilled.

Plaintiff's affidavit and allegations fall far short of a misrepresentation of law and even if it is construed as such, an employee of the land office cannot be considered "especially skilled" in the law.

---

[5] Another affidavit of Connie P. Pangelinan was also filed on the same date relating to a 1978 conversation. The Court does not consider this affidavit helpful in any way as it was some years after 1971.

Third, the plaintiff argues that a waiver occurred in 1975 when the Micronesian Claims Commission made an award to the heirs of Juan R. Tudela for the damage and use of the property taken by the government.[6]

The Micronesian Claims Commission came into existence by virtue of the Micronesian Claims Act of 1971 (Public Law 92-39, 85 Stat. 92). Title II of the act provides, inter alia, that the Claims Commission was authorized to consider claims and make payments for loss of real property.

A reading of the Act and the award to the heirs of Juan R. Tudela leads the court to the conclusion that any payment or award for loss of use of or damage to the subject property is not a waiver of the statute of limitations. No such waiver is stated, the basis of the awards were ex gratia contributions, settlement of claims was by the United States, and acceptance of any award was for full and final settlement.

In order for a waiver to be effective against a Governmental entity, it must be done by a government official of the entity involved and must be authorized. 51 Am Jur 2d, Limitation of Actions, §424 at page 895. Simply stated, the U. S. Congress did not waive the statute of limitations for the defendants Marianas Public Land Corporation, the Commonwealth of the Northern Mariana Islands, or the Trust Territory Government. It must be noted at this point that plaintiff cites no cases or authorities in her memorandum to support the legal conclusion that a waiver occurred.

---

6
The award is Appendix F attached to the Memorandum of the Trust Territory of the Pacific Islands Government filed October 9, 1981.

232

Last, the plaintiff attacks the statute of limitation ground on broad constitutional grounds and invoking an "it just isn't right" doctrine.

While this court has sympathy for plaintiff's position in that she and her father were not accorded a hearing to determine just compensation for the government's taking and payment therefor, this court cannot toll or set aside the statute of limitations without some legal basis.

Plaintiff argues that since the taking was "unconstitutional" there should be an "indefinite" statute of limitations. Citing Okla City v Wells, 91 P 2d 1077 (Okla. 1939). A reading of this case does not reveal a tolling of the statute of limitations indefinitely for an unconstitutional infringement of a right or rights. In fact, the case supports the defendant's position that constitutional claims can be barred by the statute of limitations just as any other claim. 123 A.L.R. 676, 27 Am Jur 2d, Eminent Domain, §498, 499 at pp. 450-456; Camacho v U. S., supra.

Statutes of limitations are constitutional and necessary for the orderly administration of justice, Chase Securities v Donaldson, 325 U. S. 304, 312; 65 S. Ct. 1137 (1945).

Plaintiff's assertion that Juan R. Tudela and his heirs should be exempted from the effect of the statute of limitations since they are inhabitants of an area upon which foreign law and procedures were imposed and a U. N. Trusteeship established has been rejected in several previous Trust Territory cases. Castro v Trust Territory, 8 TTR ___, Civ. App. No. 253;

Royse v Trust Territory, 8 TTR ___, Civ. App., No. 217;
Crisostimo, et al v Trust Territory, 7 TTR 375; Santos v
Trust Territory, supra, Kanser v Pitor, 2 TTR 481.

Plaintiff's counsel candidly admits that he has no
authority upon which to base the sought after exemption.
What is argued is that the general terms of the United
Nations Trusteeship Agreement, Articles 6 and 7, the Trust
Territory Bill of Rights, and any other constitutional
rights afforded the plaintiff, somehow provides relief. It
is further asserted that this court should hear testimony as
to when the plaintiff or Juan R. Tudela were fully able to
understand their rights and have legal counsel available and
then set a date for the statute of limitations to commence
running.

This court can find no basis or rational for such an
approach and consequently rejects it.

The statute of limitations applies to the plaintiff
and applied to Juan R. Tudela. It was reasonable in the
length of time to file suit. Title 6 TTC §310 further
extended the time for the plaintiff or her predecessor to
file due to the absence of adequate courts and a legal
system prior to May 28, 1951. The court can find no basis
whatsoever to not apply the twenty year period and bar the
action.

This appears to be a classic case for the application
of the statute of limitations.

> "Statutes of limitation find their justification
> in necessity and convenience rather than in
> logic. They represent expedients rather than
> principle. They are practical and pragmatic
> devices to spare the courts from litigation of
> stale claims, and the citizen from being put to
> his defense after memories have faded, witnesses
> have died or disappeared, and evidence has been

lost. They are by definition arbitrary, and their
operation does not discriminate between the just
and the unjust claim, or the voidable and unavoidable
delay." <u>Chase Securities Corp v Donaldson</u>, supra.

It must be noted that defendants objected to the form
of the affidavits of the plaintiff filed in opposition to
the motions for summary judgment. The objections are well taken
as the affidavits do not affirmatively state that the affiant
is competent to testify to the matters stated therein as
required by Com R. Civ. P. 56(e). Notwithstanding this
deficiency, and to give every benefit of the doubt to the
plaintiff, the court has still considered the affidavits.

Also, at the close of the hearing and after the court
orally indicated its decision, the plaintiff asked that the
court consider an additional ground to the effect that the
statute of limitations should not start to run until the
Congress of Micronesia was formed in 1965. This contention
was not timely submitted and is not considered.

The question remains as to whether the granting of the
motions brought by the Trust Territory Government and the
Marianas Public Land Corporation also affect the actions
against the Commonwealth of the Northern Mariana Islands and
Santiago Tudela. It is ruled that they do. As seen above,
the Commonwealth of the Northern Mariana Islands' position
is dependent upon the Marianas Public Land Corporation.
Defendant Santiago Tudela was sued solely because he did not
want to join the plaintiff in the action.

This matter will be dismissed in its entirety for the reasons stated in open court and in this opinion. The trial date of December 3, 1981 will be vacated.

Dated at Saipan, CM, this 4th day of November, 1981.

Robert A. Hefner, Chief Judge